Electronically Filed
Intermediate Court of Appeals
30682
27-JUN-2011
08:03 AM

NO. 30682

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
STEVE C. CABAGBAG, JR., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 10-1-0240)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Steve C. Cabagbag, Jr. ("Cabagbag")
appeals from the Judgment of Conviction and Probation Sentence
filed on July 19, 2010 in the Circuit Court of the First
Circuit[1] ("Circuit Court").  Cabagbag was convicted by a jury of
Unauthorized Control of a Propelled Vehicle in violation of
Hawaii Revised Statutes ("HRS") § 708-836 (Supp. 2010) and Theft
in the Second Degree in violation of HRS § 708-831 (Supp. 2010).
Cabagbag was sentenced to probation for two concurrent terms of
five years and imprisonment for a term of nine months, plus
various fees.

On appeal, Cabagbag identifies a single point of error.
Specifically, Cabagbag contends that the Circuit Court committed
plain error by failing to provide a special jury instruction
regarding eyewitness identification.  In addition, Cabagbag
argues that a "cautionary jury instruction" regarding eyewitness
identification "should be required" in any case in which
eyewitness identification is a critical issue.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to

---

[1]  The Honorable Karen S. S. Ahn presided.

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Cabagbag's appeal is without merit. The opening statement by defense counsel, the cross-examination of Officer Tomimbang, defense counsel's closing argument, and the general instructions given by the Circuit Court adequately directed the attention of the jury to the identification evidence. *See State v. Vinge*, 81 Hawai'i 309, 316, 916 P.2d 1210, 1217 (1996) ("The giving of special instructions on identification has been regarded as within the discretion of the trial judge or superfluous in the light of adequate general instructions." (internal quotation marks omitted)). *See also State v. Okumura*, 78 Hawai'i 383, 404-05, 894 P.2d 80, 101-02 (1995); *State v. Pahio*, 58 Haw. 323, 331, 568 P.2d 1200, 1206 (1977); *State v. Padilla*, 57 Haw. 150, 162, 552 P.2d 357, 365 (1976).[2/]

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence filed on July 19, 2010 is affirmed.

DATED: Honolulu, Hawai'i, June 27, 2011.

On the briefs:

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[2/]    Cabagbag recognizes that "an intermediate court of appeals will not (and cannot) overrule a supreme court decision" and explains that "he principally raises the issue herein to preserve it for later supreme court review."